UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EMPLOYERS MUTUAL | * | CIVIL ACTION NO. |
| CASUALTY COMPANY, | * | |
|    Plaintiff | * | |
| | * | JUDGE _____ |
| VERSUS | * | |
| | * | |
| IBERVILLE PARISH | * | |
| SCHOOL BOARD | * | MAGISTRATE _____ |

## COMPLAINT

The Complaint of Employers Mutual Casualty Company ("EMC"), a corporation organized under the laws of Iowa, with its principal place of business in Iowa, with respect represents:

## PARTIES

I.

Made defendant herein is the Iberville Parish School Board (hereinafter "Defendant"), a body corporate and political subdivision of the State of Louisiana organized pursuant to La. R.S. §§17:51 and 63.

## JURISDICTION AND VENUE

II.

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy is greater than $75,000.00, exclusive of interest and costs, as will be shown below.

III.

Venue is properly placed in this Court pursuant to 28 U.S.C. § 1391(a)(1), as defendant is located in Iberville Parish, Louisiana.

## GENERAL ALLEGATIONS

IV.

EMC is a surety company that issues payment and performance bonds and stands as surety for selected contractors.

V.

Defendant is a Louisiana parish school board vested with ownership of, and authority over, property in its charge pursuant to La. R.S. § 17:81.

VI.

Non-party, JVV Consulting-Construction Management, LLC (hereinafter "JVV"), was a Louisiana contractor for which EMC executed certain payment and performance bonds and for which EMC stood as surety on select projects.

## THE PROJECTS

### The Admin/Gym Project

VII.

Defendant is the owner of a public construction project referred to as the "Plaquemine High School Administration and Gym Renovations" (hereinafter the "Admin/Gym Project"). On or about April 19, 2010, Defendant entered into a contract with JVV, contract number IPSB 0910C02, for construction of the Admin/Gym Project (hereinafter the "Admin/Gym Contract").

VIII.

Pursuant to the Louisiana Public Works Act, La. R.S. §§ 38:2241 *et seq.* (hereinafter the "LPWA"), JVV was required to provide a LPWA payment and performance bond to Defendant for the Admin/Gym Project.

IX.

At JVV's request, EMC executed a LPWA payment and performance bond for the Admin/Gym Project, bond number S38 13 26 (hereinafter the "Admin/Gym Bond"), naming JVV as principal and Defendant as obligee.

X.

The penal sum of the Admin/Gym Bond is $1,220,000.00.

XI.

On January 14, 2011, Defendant recorded its termination of JVV from the

Admin/Gym Project in the Iberville Parish Mortgage Records for JVV's alleged defaults under the Admin/Gym Contract.

XII.

In addition, numerous subcontractors and suppliers to the Admin/Gym Project made demand upon EMC under the Admin/Gym Bond for payment for work performed at and/or materials supplied to the Admin/Gym Project, which JVV allegedly failed to pay.

XIII.

Subsequently, Defendant made demand upon EMC to fulfill JVV's performance obligations to Defendant under the Admin/Gym Bond by completing the Admin/Gym Project, and further made demand upon EMC to fulfill its payment obligations under the Admin/Gym Bond by resolving all timely and proper lien claims.

XIV.

EMC resolved all lien claims timely and properly recorded against the Project, at a cost of $393,122.92.

XV.

EMC also entered into a takeover agreement with Defendant that incorporated the Admin/Gym Contract, wherein Defendant agreed, *inter alia*, to dedicate all remaining contract balances and retainage for the Admin/Gym Project to its completion in exchange for EMC's agreement to cause the Admin/Gym Project to be completed (hereinafter the "Takeover Agreement").

XVI.

EMC subsequently caused the Admin/Gym Project to be completed in conformity with its obligations under the Takeover Agreement and the Admin/Gym Bond, at a cost to EMC of $508,440.95. A certificate of substantial completion for the Admin/Gym Project, dated July 26, 2011, was recorded in the Iberville Parish Mortgage Records on October 10, 2011.

XVII.

As required by the Takeover Agreement, EMC at various times throughout the completion of the Admin/Gym Project submitted to Defendant and/or Defendant's contractually authorized representatives certain documentation, including but not limited to change orders and applications for payment. Despite EMC's compliance with the Takeover Agreement and the Admin/Gym Contract in preparing and submitting this documentation, and despite Defendant's contractual obligations to process such paperwork within a specified time period, Defendant has arbitrarily and without cause failed to process that documentation for over six months.

XVIII.

Defendant has also improperly and without cause withheld $162,640.23 in Admin/Gym Contract balances and retainage to which EMC is entitled, despite its contractual and statutory obligations and despite EMC's amicable demand for same.

## The Field House Project

XIX.

Defendant is also the owner of a public construction project referred to as the "Plaquemine High School New Field House" (hereinafter the "Field House Project"). On or about October 20, 2009, Defendant entered into a contract with JVV, contract number IPSB 0810C02, for construction of the Field House Project (hereinafter the "Field House Contract").

XX.

Pursuant to the LPWA, JVV was required to provide a LPWA payment and performance bond to Defendant for the Field House Project.

XXI.

At JVV's request, EMC executed a LPWA payment and performance bond for the Field House Project, bond number S38 13 05 (hereinafter the "Field House Bond"), naming JVV as principal and Defendant as obligee.

XXII.

The penal sum of the Field House Bond is $1,710,000.00.

XXIII.

On or about August 20, 2010 JVV substantially completed the Field House Project. Thereafter, on October 21, 2010, a Certificate of Substantial Completion for the Field House Project was recorded in the Iberville Parish Mortgage Records.

XXIV.

Despite the fact that the Field House Project was substantially complete, on January 14, 2011, Defendant recorded its termination of JVV from the Field House Project in the Iberville Parish Mortgage Records due to JVV's alleged defaults thereunder.

XXV.

In addition, numerous subcontractors and suppliers to the Field House Project made demand upon EMC under the Field House Bond for payment for work performed at and/or materials supplied to the Field House Project, which JVV allegedly failed to pay.

XXVI.

Subsequently, Defendant made demand upon EMC to fulfill JVV's performance obligations to Defendant under the Field House Bond by completing punch list items at the Field House Project, and further made demand upon EMC to fulfill its payment obligations under the Field House Bond by resolving all timely and proper lien claims.

XXVII.

EMC resolved all lien claims timely and properly recorded against the Field House Project, at a cost of $116,596.59.

XXVIII.

EMC also caused the remaining work at the Field House Project to be completed in conformity with its obligations under the Field House Bond, at a cost to EMC of $50,673.22.

XXIX.

Defendant has improperly and without cause withheld $10,060.00 in Field House Contract balances and retainage, despite its contractual and statutory obligations and despite EMC's amicable demand for same.

## **COUNT 1 - SPECIFIC PERFORMANCE**

XXX.

EMC incorporates by reference all allegations contained in Paragraphs I through XXIX.

XXXI.

EMC is entitled to timely processing of all contractually required paperwork that it submitted to Defendant throughout the course of the Takeover Agreement.

XXXII.

In accordance with its contractual obligations to Defendant, EMC submitted certain documentation required by the Admin/Gym Takeover Agreement. Defendant has failed and/or refused to process this documentation for over six months, despite its contractual obligations to do so within a specified period of time.

## **COUNT II - BREACH OF CONTRACT**

XXXIII.

EMC incorporates by reference all allegations contained in Paragraphs I through XXXII.

XXXIV.

EMC is entitled to the remaining Admin/Gym Contract and Field House Contract balances and retainages as a result of Defendant's contractual obligations to EMC.

XXXV.

In accordance with its contractual obligations to Defendant, EMC caused the Admin/Gym Project and the Field House Project to be completed. Pursuant to the terms of the Admin/Gym Project Takeover Agreement, the Admin/Gym Bond, and the Field House Bond, Defendant is in breach of its contractual obligations for failing to timely release the remaining contract balances and retainages to EMC.

**COUNT III - SUBROGATION**

XXXVI.

EMC incorporates by reference all allegations contained in Paragraphs I through XXXV.

XXXVII.

EMC is entitled to the remaining Admin/Gym Contract and Field House Contract balances and retainages by operation of legal subrogation pursuant to La. Civ. Code art. 3048.

XXXVIII.

EMC, as surety for JVV, performed the bonded obligations of JVV by making payments to the subcontractors and suppliers to the respective projects for all timely and

proper lien claims. EMC is therefore legally subrogated to the interests of those subcontractors and suppliers in the Admin/Gym Contract and Field House Contract balances and retainages, in the amount of its payments.

XXXIX.

Further, EMC, as surety for JVV, performed the bonded obligations of JVV by causing the Admin/Gym Project and the Field House Project to be completed.  EMC is therefore legally subrogated to Defendant's interests in the Admin/Gym Contract and Field House Contract balances and retainages.

**COUNT IV - STATUTORY ENTITLEMENT**

XL.

EMC incorporates by reference all allegations contained in Paragraphs I through XXXIX.

XLI.

EMC is entitled to the remaining Admin/Gym Contract and Field House Contract balances and retainages by operation of statute.

XLII.

Pursuant to La. R.S. § 38:2191, Defendant was required to "promptly pay all obligations arising under public contracts when the obligations become due and payable under the contract."  Defendant has failed to pay its obligations under the Takeover Agreement, the Admin/Gym Bond, and the Field House Bond, and is in breach of the

Louisiana Public Contracts Law.

## COUNT V - CONTRACTUAL ASSIGNMENT

XLIII.

EMC incorporates by reference all allegations contained in Paragraphs I through XLII.

XLIV.

EMC is entitled to the remaining Admin/Gym Contract and Field House Contract balances and retainages as assignee of JVV.

XLV.

Pursuant to a General Application and Agreement of Indemnity, JVV assigned any interest in earned contract balances and retainages to EMC. To the extent JVV performed its obligations under the Admin/Gym Contract and the Field House Contract prior to termination and did not receive payment from Defendant, EMC is entitled to the respective project contract balances and retainages as a result of JVV's assignment.

## COUNT VI - COSTS AND ATTORNEYS' FEES

XLVI.

EMC incorporates by reference all allegations contained in Paragraphs I through XLV.

XLVII.

EMC is entitled to its costs and attorneys' fees incurred in prosecuting this action as a result of Defendant's arbitrary and unfounded actions in withholding funds to which EMC

is entitled.

WHEREFORE, Employers Mutual Casualty Company prays that, after due proceedings are had, there be judgment in its favor and against defendant the Iberville Parish School Board:

(1) Directing the Iberville Parish School Board to immediately perform the terms of the Admin/Gym Project Takeover Agreement and process all contractually required documentation submitted by EMC;

(2) Awarding EMC the total contract balances and retainages for the Admin/Gym Project and the Field House Project in the sum of $172,700.23, plus interest from date of demand until paid;

(3) Awarding EMC its attorneys' fees and costs incurred in prosecuting this action; and

(4) For all other relief as this Court deems just and equitable.

                              KREBS, FARLEY & PELLETERI, P.L.L.C.

                              */s/ Maura Z. Pelleteri*
                              MAURA Z. PELLETERI, T.A. (La. Bar No. 8463)
                              CHRISTOPHER J. WEEMA (La. Bar. No. 33427)
                              400 Poydras Street, Suite 2500
                              New Orleans, LA  70130
                              Telephone:   504-299-3570
                              Facsimile:    504-299-3582
                              E-mail:         mpelleteri@kfplaw.com
                              E-mail:         cweema@kfplaw.com

                              ATTORNEYS FOR EMPLOYERS
                              MUTUAL CASUALTY COMPANY